**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MIN KANG,

        Plaintiff - Appellant,

  v.

BANK OF AMERICA, NA,

        Defendant - Appellee.

No.   23-55488

D.C. No. 5:21-cv-00954-JWH-KK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Submitted May 9, 2024**
Pasadena, California

Before: TALLMAN, FORREST, and BUMATAY, Circuit Judges.

    Plaintiff-Appellant Min Kang appeals the district court's dismissal of her

Second Amended Complaint against Bank of America, N.A. (BOA) with prejudice.

We review de novo the district court's dismissal for failure to state a claim under

Fed. R. Civ. P. 12(b)(6). *Mahoney v. Sessions*, 871 F.3d 873, 877 (9th Cir. 2017).

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the district court's decision to dismiss a complaint with prejudice for abuse of discretion. *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1275 (9th Cir. 2023). We affirm.

1.    ***Rosenthal Fair Debt Collection Practices Act.*** Kang's argument that the district court erred by rejecting her Rosenthal Act claim based on BOA's August 2020 letter and by contradicting her allegations as to the nature of that letter fails for two reasons. First, the district court did not disregard Kang's factual allegations; instead, it found that her factual allegations did not amount to a facially plausible claim.[1] Second, while Kang is entitled to have her factual allegations taken as true, her legal conclusions regarding the "nature" of the August 2020 letter are not entitled to deference. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (legal conclusions are not entitled to the assumption of truth). The district court did not err in concluding that this letter was a billing statement, and not an attempt at debt collection under the Rosenthal Act.

2.    ***California Identity Theft Act (CITA).*** Kang also argues that the district court erred in concluding that "continued collection efforts" are necessary for a party to be liable as a claimant under CITA and that the BOA's August 2020 letter was a billing statement, which is not actionable. Neither of these arguments address the

---

[1]We reject Kang's argument that the district court erred in taking judicial notice of certain records related to the account at issue.

district court's reasoning that CITA applies only to identity-theft victims against whom claimants seek money *in their personal capacity*. Cal. Civ. Code § 1798.93(a). The district court correctly concluded that nothing in the Second Amended Complaint suggests that BOA was requesting payment from Kang in her personal capacity, rather than in her capacity as owner of Sammy Spa.

3. ***Dismissal with Prejudice.*** Having granted Kang multiple opportunities to amend her complaint, the district court did not abuse its discretion in concluding that allowing further amendment was unlikely to result in success. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal with prejudice is proper if amendment would be futile). Kang does not identify any amendment consistent with the facts that she has alleged that would give her a viable claim. Accordingly, the district court did not abuse its discretion in denying Kang further leave to amend and dismissing her complaint with prejudice.

**AFFIRMED.**